THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Clayton Allen,       
Appellant,
 
 
 

v.

 
 
 
South Carolina Department of Corrections,       
Respondent
 
 
 

Appeal From Chesterfield County
J. Ernest Kinard, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-242
Submitted January 29, 2003  Filed April 
 1, 2003

AFFIRMED

 
 
 
Clayton Allen, of Kershaw, for Appellant.
Richard Stroker, Barton J. Vincent, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Clayton Allen appeals the dismissal 
 of his appeal from a final decision by the South Carolina Department of Corrections.
FACTS
 Allen, at inmate at Kershaw Correctional Institution, was 
 convicted of possession of marijuana, an internal disciplinary offense, on December 
 17, 1998.  As a result, Allen lost 1180 days of good time credit.  The South 
 Carolina Department of Corrections (Department) issued its final decision on 
 May 11, 1999.  On April 14, 2000, Allen filed a notice of appeal with the South 
 Carolina Administrative Law Judge Division (ALJD).  On June 16, 2000, the Department 
 filed a motion to dismiss the appeal, pursuant to Al-Shabazz v. State, 
 338 S.C. 354, 527 S.E.2d 742 (2000).  Allen filed a motion in opposition.  The 
 Administrative Law Judge dismissed Allens appeal on July 6, 2000.  The judge 
 noted the ALJD did not have jurisdiction to hear the appeal, as Allen received 
 the final decision from the Department prior to Al-Shabazz.  
Allen appealed the ALJD order to the circuit court.  After 
 a hearing, the trial judge dismissed the appeal on May 25, 2001.  The trial 
 judge specifically found Allen had not been prejudiced, as required by S.C. 
 Code Ann. § 1-23-610(D) (Supp. 2001).  Allen appeals.
LAW/ANALYSIS
Allen argues the trial court erred in:  (1) dismissing 
 his appeal pursuant to Al-Shabazz and (2) finding no evidence of prejudice. 

I.       Dismissal
Allen argues the trial court erred in affirming 
 the ALJDs decision to rely upon Al-Shabazz in dismissing his appeal.
In Al-Shabazz, the supreme court held that 
 inmates may obtain review of [the] Departments final decision in non-collateral 
 or administrative matters under the [Administrative Procedures Act].  Al-Shabazz 
 v. State, 338 S.C. at 384, 527 S.E.2d at 758.    The court also applied 
 this ruling to all [post-conviction relief] actions filed and all administrative 
 matters in which [the] Department renders a final decision after the date of 
 this opinion.  It also shall apply to all cases currently pending in circuit 
 court or before this Court in which the inmate is similarly situated to petitioner.  
 Id.  
Al-Shabazz was filed on February 14, 2000.  
 Therefore, the ALJD would have jurisdiction over Allens appeal from the Departments 
 final decision in his disciplinary conviction if:  (1) the final decision was 
 issued after February 14, 2000 or (2) if the appeal from the final decision 
 was pending in the circuit court or supreme court on February 14, 2000.  Allens 
 appeal in this matter does not satisfy either of these two conditions.  Not 
 only was the final Department decision issued approximately nine months prior 
 to Al-Shabazz, but the trial judge specifically found Allens appeal 
 was not pending before any other court.  Accordingly, the trial court did not 
 err in affirming the ALJDs decision to dismiss Allens appeal pursuant to Al-Shabazz.
II.      Prejudice
Allen argues the trial court erred in finding he 
 was not prejudiced by the Departments actions in the December 1998 disciplinary 
 hearing.  However, Allen misunderstands the trial court order.  The trial court, 
 in finding Allen was not prejudiced pursuant to S.C. Code Ann. § 1-23-610(D), 
 merely found Allen did not suffer any prejudice as a result of the ALJDs 
 order of dismissal.  
Allen has not proven the ALJDs order has resulted 
 in any prejudice within the confines of section 1-23-610(D).  Further, our review 
 of the record, in light of the statute, does not point to any kind of prejudice 
 to Allens substantive rights.  See S.C. Code Ann. § 1-23-610(D) (Supp. 
 2002).  Accordingly, the trial court did not err in finding no evidence that 
 Allen had been prejudiced.
CONCLUSION
Based upon the foregoing, the trial courts order dismissing 
 Allens appeal is 
AFFIRMED.
HEARN, C.J., GOOLSBY and SHULER, JJ., concur.